# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE OF CLAIMS

Lawrence Williams (hereinafter referred to as "Williams") and Highway Emergency Local Patrol, LLC (hereinafter referred to as "HIGHWAY EMERGENCY LOCAL PATROL"), and Sameera Tilliman (hereinafter referred to as "Tillman") hereby enter into this Settlement Agreement and General Release of Claims ("Settlement Agreement"). Hereinafter Williams, Tillman, and HIGHWAY EMERGENCY LOCAL PATROL are collectively referred to as "Parties".

WHEREAS, Williams worked for HIGHWAY EMERGENCY LOCAL PATROL; and

WHEREAS, Williams severed his alleged employment with HIGHWAY EMERGENCY LOCAL PATROL; and

WHEREAS, a dispute has arisen between Williams, and HIGHWAY EMERGENCY LOCAL PATROL regarding Williams' alleged employment, and pay while working for HIGHWAY EMERGENCY LOCAL PATROL (hereinafter referred to as "the Dispute"); and

WHEREAS, HIGHWAY EMERGENCY LOCAL PATROL denies all of the allegations and claims asserted by Williams in the Dispute and Lawsuit, and nothing contained herein nor any payment made hereunder shall constitute an admission by HIGHWAY EMERGENCY LOCAL PATROL and Tillman of any liability to Williams, and HIGHWAY EMERGENCY LOCAL PATROL expressly denies any such liability; and

WHEREAS, the Parties desire to settle and resolve their disputes and all potential disputes relating to or arising out of Williams' alleged employment with HIGHWAY EMERGENCY LOCAL PATROL, including, without limitation, the Dispute and the Lawsuit;

NOW, THEREFORE, in consideration of the promises, covenants, and other terms set forth and referred to herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      Installment **Payments.**

HIGHWAY EMERGENCY LOCAL PATROL agrees to pay Williams $13,300.00 in the manner described herein, in full accord satisfaction of Williams' claims against HIGHWAY EMERGENCY LOCAL PATROL, upon receipt of a fully executed Settlement Agreement and appropriate tax forms. This payment will be made as follows:

a.    to pay to Williams Three Thousand Seven Hundred Forty Seven Dollars and 50/100 ($3,747.50) as wage income, less lawful deductions, divided into two payments of One Thousand Two Hundred Forty Nine Dollars and 17/100 cents ($1,249.17), and one payment of One Thousand Two Hundred Forty Nine Dollars and 16/100 cents ($1,249.17), with the payments due in accordance with the following schedule: A payment in the amount of ($1,249.17) due within 10 days of the Court's approval of the Parties' motion for settlement approval; a payment in the amount of ($1,249.17) due on or before November 10, 2015; a payment in the amount of ($1,249.16) due on or before December 10, 2015.

b.    to pay to Williams Three Thousand Seven Hundred Forty Seven Dollars and 50/100 ($3,747.50) as non-wage income, to be reported by Employee as 1099 income, divided into two payments of One Thousand Two Hundred Forty Nine Dollars and 17/100 cents ($1,249.17), and one payment of One Thousand Two Hundred Forty Nine Dollars and 16/100 cents ($1,249.17), with the payments due in accordance with the following schedule: A payment in the amount of ($1,249.17) due within 10 days of the Court's approval of the Parties' motion for settlement approval; a payment in the amount of ($1,249.17) due on or before November 10, 2015; a payment in the amount of ($1,249.16) due on or before December 10, 2015.

c.    to pay to Barrett & Farahany, LLP Five Thousand Eight Hundred and Five Dollars and 0/100 ($5,805.00) as non-wage income, to be reported as 1099 income, divided into three equal payments of One Thousand Nine Hundred and Thirty Five Dollars and 0/100 cents ($1,935.00) with the payments due in accordance with the following schedule: A payment in the amount of ($1,935.00) due within 10 days of the Court's approval of the Parties' motion for settlement approval; a payment in the amount of ($1,935.00) due on or before November 10, 2015; a payment in the amount of ($1,935.00) due on or before December 10, 2015.

These checks will be mailed to V. Severin Roberts of Barrett & Farahany, LLP, counsel for Williams, in accordance with the schedule set forth above. Should Tillman and/or HIGHWAY

EMERGENCY LOCAL PATROL fail to make any of the payments set forth above in Sec. 1(a) through 1(c) on or before the dates prescribed therein, then Williams may treat this Agreement as null and void and may re-open his litigation against Tillman and/or HIGHWAY EMERGENCY LOCAL PATROL. Should Tillman and/or HIGHWAY EMERGENCY LOCAL PATROL fail to make any of the payments set forth above in Sec. 1(a) through 1(c) on or before the dates prescribed therein, Tillman and/or HIGHWAY EMERGENCY LOCAL PATROL further agree that neither will oppose Williams moving for leave or otherwise filing a new complaint or action to add Tillman as a Defendant on the claims Williams has asserted in the Lawsuit captioned 1:15-cv-2742-MHC, in the District Court for the Northern District of Georgia. However, Tillman and HIGHWAY EMERGENCY LOCAL PATROL shall not be precluded from filing a responsive pleading in response to any new complaint filed, including a motion to dismiss. Should Tillman and/or HIGHWAY EMERGENCY LOCAL PATROL fail to make any of the payments set forth above in Sec. 1(a) through 1(c) on or before the dates prescribed therein, Tillman and/or HIGHWAY EMERGENCY LOCAL PATROL further agree that the statute of limitations for Williams' FLSA claims asserted in the Lawsuit captioned 1:15-cv-2742-MHC, in the District Court for the Northern District of Georgia, shall be deemed tolled with respect to Williams' FLSA claims against Tillman, from the date this Agreement is executed by Williams, and extending 360 days after the first date Tillman and/or Highway Emergency Local Patrol fail to make a payment required by this Agreement.

    Should any payment not be made by the time prescribed in paragraph 1(a) through 1(c), then Williams shall give written notice of such default and an opportunity to cure within five (5) business days of said notice not counting the day said notice is sent. Said notice may be given by email to Tillman and HIGHWAY EMERGENCY LOCAL PATROL's counsel at

attorneysondhi@amerilawyer.com. This Agreement shall remain in full force and effect during any cure period. If payment is not received after said cure period, Williams may seek remedies as prescribed in this Agreement.

2. **No Other Claims or Future Compensation.**

Williams specifically acknowledges and agrees that the settlement payment set forth in Paragraph 1 above represents a fair and equitable settlement of any and all claims for damages or payments related to the Dispute and as set forth in the Lawsuit, that upon receipt of these monies he has been compensated for all wages owed him, and that he has no further claim for any wages, overtime, or other monies due or owing to him from HIGHWAY EMERGENCY LOCAL PATROL.

Williams represents that he has not filed any charges, complaints, claims, demands, or lawsuits against HIGHWAY EMERGENCY LOCAL PATROL other than the Lawsuit expressly set out in the introductory paragraph to this Settlement Agreement. Accordingly, Williams covenants and agrees that he will not seek or accept, either directly or indirectly, any monies, wages, or benefits (or anything else of value) from HIGHWAY EMERGENCY LOCAL PATROL in the future with regard to any employment related matter, whether filed on behalf of Williams or any other similarly situated individuals. Williams further represents that he will not take action to solicit or encourage any other person to make, assert, or pursue any claim against HIGHWAY EMERGENCY LOCAL PATROL, but understands that he is not prohibited from honestly responding or adhering to a valid and binding subpoena or court order or participating in an agency investigation and that nothing herein is intended to affect his Section 7 rights under the National Labor Relations Act.

3. **<u>Mutual Release of Claims.</u>**

In consideration of the payment described in Paragraph 1 above, Williams, on behalf of himself and his past, present, and future agents, representatives, attorneys, heirs, executors, administrators, successors, licensees, and assigns (hereinafter collectively referred to as "Releasors"), does hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit HIGHWAY EMERGENCY LOCAL PATROL, and each of its past, present, and future parents, subsidiaries, affiliated entities, successors, predecessors, and assigns, and its and their past, present, and future officers, employees, agents, contractors, attorneys, insurers, successors, licensees, predecessors, and assigns (hereinafter collectively referred to as "Released Parties") from any and all actions, causes of action, suits, debts, claims, liens, and demands whatsoever, in law, in equity, or otherwise, whether known or unknown, which any of the Releasors ever had, now have, or hereinafter can, shall, or may have against any of the Released Parties, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through and including the date on which Williams executes this Settlement Agreement, including, but not limited to, claims related to Williams's employment with HIGHWAY EMERGENCY LOCAL PATROL, the Dispute, and the Lawsuit.

In consideration of the promises made herein, HIGHWAY EMERGENCY LOCAL PATROL, and each of its past, present, and future parents, subsidiaries, affiliated entities, successors, predecessors, and assigns, and its and their past, present, and future officers, employees, agents, contractors, attorneys, insurers, successors, licensees, predecessors, and assigns, do hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit Williams his past, present, and future agents, representatives, attorneys, heirs, executors, administrators, successors, licensees, and assigns from any and all actions, causes of action, suits, debts, claims, liens, and demands whatsoever, in law, in equity, or

otherwise, whether known or unknown, whichever had, now have, or hereinafter can, shall, or may have against Williams, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through and including the date on which HIGHWAY EMERGENCY LOCAL PATROL executes this Settlement Agreement

4. **No-Employment.**

Williams confirms that he has no interest in employment with HIGHWAY EMERGENCY LOCAL PATROL and understands that he is not eligible for reinstatement or rehire or employment of any kind with HIGHWAY EMERGENCY LOCAL PATROL or its subsidiaries or related entities. Williams agrees, as a condition of his receipt of the payment set forth in Paragraph 1 above, not to seek, apply for, or accept any such employment and acknowledges that HIGHWAY EMERGENCY LOCAL PATROL and any subsidiary or related entity is under no obligation or duty to consider him for future employment in any capacity.

5. **Entire Settlement Agreement.**

This Settlement Agreement represents the entire agreement and understanding between the Parties regarding Williams's employment with HIGHWAY EMERGENCY LOCAL PATROL, the Dispute, or the Lawsuit. This Settlement Agreement supersedes any prior or contemporaneous written or oral communications or agreements between the Parties regarding the subjects hereof, and no amendment, modification, or waiver of this Settlement Agreement shall be valid unless in writing and signed by Williams and the President of HIGHWAY EMERGENCY LOCAL PATROL. Williams represents and warrants that he has executed this Settlement Agreement without reliance on any statement or representation of fact or opinion by HIGHWAY EMERGENCY LOCAL PATROL or any other Released Parties, except as expressly set forth herein.

6. **Compliance and Severability.**

In consideration of the monies paid to him herein, Williams represents and warrants that he will comply with all the terms of this Agreement. If any term or condition of this Settlement Agreement or the application thereof to any entity or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Settlement Agreement nor the application of such term or condition to any other entity or circumstance shall be affected thereby, and each remaining term or condition of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law.

Consequently, Williams agrees that he will not directly or indirectly challenge any paragraph of the Agreement as invalid or unenforceable, nor assert unenforceability as a defense to any claim for breach of this Agreement. Williams agrees that he will not act contrary to any paragraph of this Agreement, even if it is determined by any court to be illegal, invalid, or otherwise unenforceable, and understands that any such action by him found to be a material breach of the Agreement will result in a failure of consideration hereunder and HIGHWAY EMERGENCY LOCAL PATROL shall be entitled to all rights and remedies at law or in equity, including immediate injunctive relief to preclude further breach. The prevailing party will be entitled to recover costs and fees incurred for any action necessary to enforce the terms of this Agreement.

7. **Acknowledgment of Understanding.**

Williams acknowledges that he has carefully read all the terms of this Settlement Agreement, has had an ample and reasonable opportunity to discuss it with his attorney of choice, is hereby advised to consult with his attorney of choice, has in fact discussed it with his attorney of choice, and signs the same with full knowledge that this Settlement Agreement **forever releases** HIGHWAY EMERGENCY LOCAL PATROL, the Released Parties, and any related or affiliated persons or entities, from any legal action arising from Williams's employment with and

cessation of employment from HIGHWAY EMERGENCY LOCAL PATROL. Further, Williams acknowledges that she has in fact had a reasonable period of time within which to consider this Settlement Agreement.

WHEREFORE, the Parties have executed this Settlement Agreement as of the date(s) set forth below.

_____  10/6/2015     _____  10/9/15
Lawrence Williams         Date          HIGHWAY   EMERGENCY     Date
                                        LOCAL PATROL

_____                                         10/9/15
Sameera Tillman                                                 Date